UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1051 GAF (OPx) | Date | July 29, 2011 |
|---|---|---|---|
| Title | Reo Properties Two LP v. Alberto DeLaRiva et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

On May 23, 2011, Plaintiff REO Properties Two LP ("Plaintiff") filed this unlawful detainer action against Defendants Alberto De La Riva and Irasema De La Riva (collectively, "Defendants") in Riverside County Superior Court. (Docket No. 1, Not.of Removal ¶¶ 1, 4.) On July 7, 2011, Defendants removed the action to this Court, purportedly under 28 U.S.C. § 1443(1). (Id. ¶¶ 6–7.) For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction in this case and accordingly **REMANDS** it to Riverside County Superior Court.

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Thus, a court may remand a case sua sponte for lack of subject matter jurisdiction. Scofield v. Ball, No. 11-0378, 2011 WL 830104, at *1 (S.D. Cal. Mar. 4, 2011) (citing Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984)).

When a case is removed, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is proper only if the Court could have exercised jurisdiction over the action had it

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1051 GAF (OPx) | Date | July 29, 2011 |
|---|---|---|---|
| Title | Reo Properties Two LP v. Alberto DeLaRiva et al | | |

originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006). Neither basis for jurisdiction is present in this case. Removal also is not authorized under 28 U.S.C. § 1443(1), contrary to Defendants' contention.

### A. Federal Question Jurisdiction

Defendants suggest that this action presents a federal question—namely, claims under 42 U.S.C. §§ 1983 and 1988—and thus that federal-question jurisdiction exists pursuant to 28 U.S.C. § 1331. (Not. ¶ 7.) The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented **on the face of the plaintiff's properly pleaded complaint.**" Caterpillar, 482 U.S. at 392 (emphasis added). A federal defense or counter-claim does not give rise to federal-question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983).

Although Defendants have improperly failed to attach the complaint to their notice of removal, they represent that Plaintiff has filed "an unlawful detainer complaint." (Not. ¶ 4.) Defendants have not identified any other claims asserted in the complaint. From this, the Court understands that the complaint states a single claim for unlawful detainer under California law. An unlawful detainer action does not arise under federal law. See Indymac Federal Bank, F.S.B. v. Ocampo, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where complaint stated only an unlawful detainer claim). Defendants' Notice of Removal appears to assert numerous claims, including federal claims, against Plaintiff. (See Not. ¶¶ 7, 17.) Defendants' claims are counter-claims and thus do not give rise to federal question jurisdiction. See Franchise Tax Bd., 463 U.S. at 14. This case therefore does not present a federal question supporting this Court's subject matter jurisdiction.

### B. Diversity Jurisdiction

The Court also lacks jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Federal courts have jurisdiction on the basis of diversity of citizenship where the matter is between citizens of different states and the amount in controversy exceeds $75,000, not including interest and costs. 28 U.S.C. § 1332(a). Even if Plaintiff and Defendants are citizens of different states, the amount in controversy does not exceed $75,000. Defendants aver that the case was filed in "the Limited Civil Division of the Moreno Valley District of the Superior Court

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1051 GAF (OPx) | Date | July 29, 2011 |
|---|---|---|---|
| Title | Reo Properties Two LP v. Alberto DeLaRiva et al | | |

of California County of Riverside." (Not. ¶ 1.) By definition, a case filed in the limited civil division has an amount in controversy of no more than $25,000. See Cal. Civ. Proc. Code § 85. The Court therefore does not have jurisdiction on the basis of diversity of citizenship.

### C. Removal Under 28 U.S.C. § 1443(1)

Defendants contend that they are entitled to remove this case pursuant to 28 U.S.C. § 1443(1), which provides that a defendant may remove any case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). This provision has most frequently been used in criminal cases where a defendant can establish that he cannot receive a fair trial in state court. To remove a case under § 1443(1), a criminal defendant must "satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." Id. (internal quotations omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." Id. (internal quotations omitted). This prong "requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case," or that there be some "equivalent basis . . . for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." Id. (internal quotations and citation omitted).

Although Defendants' notice of removal is far from clear, the Court cannot discern any allegations that Defendants are being denied any federal "civil rights stated in terms of racial equality." Moreover, even if Defendants did make such an allegation, they have not identified any state law or constitutional provision that denies them the opportunity to raise a federal right to racial equality, nor have they alleged any facts that might give rise to "an equally firm prediction" that they will be unable to enforce such federal rights in state court. Accordingly, there is no basis for removal under 28 U.S.C. § 1443(1).

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction in this case. The case is therefore hereby **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**